Mr. Justice Johnson
delivered the opinion of the court:
The statute of 11 Geo. 2, although not binding upon us1 as a statute law, has been adopted in practice in this state, and as a usage, has become obligatory on us. This statute provides that the avowant in replevin may, if the condition of the bond be broken, take an assignment of it, and bring debt; and I am inclined to think, though not necessary to this case, that such an action might be supported at any time after the plaintiff in replevin abandoned his action.— The proceeding by sci. fa. on the replevin bond, is however fettered by other rules. It cannot be resorted to, un *32 less a writ pro retorno habendo be issued and returned bf the sheriff elongata or eloigned. (I Sellon’s Trac. Tit, Replevin, sec. 4, 18.) So far as authority is necessary, this is conclusive, and reasoning on the subject would lead tó the same result. The proceeding by sci. fa. is not art Original proceeding, and is only applicable to cases where it is necessary, as in this case, and incases of bail generally, to make additional parties, or to carry into effect thejudgment of the court, as in sci. fa. on judgments, and presupposes that the party is concluded by a prior' proceeding : or in other words, it is a continuation of some other proceeding. Now in this case, the connection between the sci. fa. and the original writ of replevin, is wholly broken off by the absence of the intermediate pleadings, and their relation to, and connection with, each othei> cannot be traced through the record.
Cogdell, for the motion.
Clarke, contra.
The motion is dismissed.
Justices Coleock, Nott, Richardson, Gantt Huger, concurred.